Tbe opinion of tbe Court was delivered by
O’Neall, J.
This action it must be remembered is on a covenant of warranty. Tbe breaches assigned are plainly within tbe terms and intent of tbe covenant, and I cannot perceive, when they are found to be true, bow we can entertain a motion for a non-suit. Tbe defendant’s warranty is shown to be false, and be must respond in damages. Tbe mistake of tbe defendant is in supposing, tbat bis patent *152 concludes all investigation. Beyond all doubt if be was to sue for an infringement, tbe matters would be in issue, whether it was original, or a new application, or useful. If that be so cannot a party buying it show, that it was neither the one nor the other of these ? I do not entertain a doubt, that he can: and this is very plainly shown by the observations of the Court on the defendant’s fourth and fifth pleas, in Mullikin vs. Latchem, 7 Blackford, 136.
The question, whether the Court of Common Pleas has jurisdiction of such a case, is rather a startling one. The action is covenant, an old and familiar head of the Common Pleas jurisdiction. Because the .covenant happens to be of a patent, previously granted by the United States, is no reason why the Court cannot go on and ascertain whether the covenant has been broken. The United States in granting a patent do not conclude all persons by it: it is granted on an ex parte application, and if it turns out to be, as the applicant represents, then he will have by his patent the exclusive right, otherwise not. The jurisdiction of the United States Court over this class of cases, depends upon other circumstances than the fact, that the validity of a patent may be drawn in question.
The questions whether the breaches were sustained by the proof, were properly to be decided by the jury: and to the jury they were referred, with certainly a pretty clear indication of my opinion in favor of the defendant. But they thought proper to find otherwise, and I cannot say they were manifestly wrong.
The motion for a new trial is dismissed.
Wardlaw, Withers, Glover and MuNro, JJ., concurred.
Whither, J., did not hear the argument.

Motion dismissed.